IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTI, #A0185087, et al., | ) ) ) | CIV. NO. 14-00393 SOM/BMK |
| Petitioner/Plaintiff, | ) ) ) | DISMISSAL ORDER |
| vs. | ) ) | |
| LINDA C.C.C. GRANDINETTI, et al., | ) ) ) ) | |
| Respondent/Defendant | ) ) | |

## **DISMISSAL ORDER**

Before the court is another generic pleading submitted by Francis Grandinetti. *See* ECF No. 1. It is labeled "Federal Habeas Corpus Petition: Military-Family Custody Case (IFP Military-Waiver Case), "Class-Action Case, FRCP," and is brought pursuant to 28 U.S.C. § 1407. Pet., Doc. No. 1. Grandinetti submits this pleading on behalf of "Three Kailua-Waimanalo children," apparently referring to himself and his siblings. *Id.* In its entirety, Grandinetti's pleading states:

> The local newspapers and ads in Hawaii are stating that there is a new re-opening or tolling date of around August 24, 2014, to file any cases for child-abuse, sex-abuse, sexual-neglect, or related claims. Therefore, for parents' military-relocation in Honolulu, subsequent divorce, and any and all such abuse claims; the Petitioner files his class-claims under the validated prisoner "Setala/JCP mailbox rule" in Hawaii. (Military cases in Honolulu." Petitioner said last week and this week, a lot of macing, rioting, flooding, poison gas accidents, and handcuffing (August, 2014); occurred at N-Unit Seg, for CCA/SCC and DPS-

> Hawaii contracts. Federal Habeas Corpus
> sought herein on any minor military-rights,
> and any deferred adult military duties or
> rights."

*Id.*

Although not explicit, Grandinetti apparently complains of abuse by his mother, Linda Grandinetti, and about incidents that allegedly occurred at the Saguaro Correctional Center ("SCC"), in Eloy, Arizona, where he is incarcerated. Grandinetti fails to explain the factual or legal basis for his claims, pay the civil filing fee, or submit an *in forma pauperis* application. For the following reasons, this action is DISMISSED without prejudice.

## I. **RELIEF SOUGHT**

Although Grandinetti labels his pleading "Federal Habeas Corpus Petition," it appears that he does so simply to avoid the penalties imposed on his filings by 28 U.S.C. § 1915(g).[1] *See Andrews v. King*, 398 F.3d 1113, 1122-23, n.12 (9th Cir. 2005)(recognizing that some habeas petitions are civil rights actions mislabeled as habeas petitions to avoid § 1915(g)'s penalties). Even if he presented sufficient factual detail, Grandinetti's claims against his mother for child and

---

[1] Grandinetti has accrued three strikes under 28 U.S.C. § 1915(g), and has been notified of these strikes numerous times. *See, e.g.*, *Grandinetti v. FDC Seg. Unit Staff*, 420 Fed. Appx. 576 (9th Cir. 2011); *Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS; *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG.

2

sexual abuse do not present a federal cause of action pursuant to 28 U.S.C. § 2254 or 42 U.S.C. § 1983.

Rather, Grandinetti's vague allegations regarding "macing, rioting, flooding, poison gas accidents, and handcuffing" at SCC suggest that he asserts a civil rights violation regarding the conditions of his confinement. Due to the nature of Grandinetti's claims and the court's past history with his filings, the court construes this pleading as asserting claims under 42 U.S.C. § 1983, and DIRECTS the Clerk of Court to identify this action on the docket as a prisoner civil rights action.

## II. **28 U.S.C. § 1915(g)**

Because Grandinetti has accrued three strikes pursuant to 28 U.S.C. § 1915(g), he may not proceed without prepayment of the civil filing fee unless he plausibly alleges that he is in imminent danger of serious physical injury. His allegations of sexual abuse as a child do not plausibly suggest that he is in imminent danger of serious physical injury at SCC. His broad allegations concerning mace, riots, floods, poison gas, and handcuffing at SCC are also devoid of any facts that suggest that Grandinetti was in imminent danger of serious physical injury when he filed this action. Further, as a pro se litigant, Grandinetti may not represent his siblings or other prisoners in an action in this court, despite his request for class

certification.  *See Simon v. Hartford Life*, 546 F.3d 661, 665 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.") (citations omitted). Moreover, venue for Grandinetti's claims regarding the conditions of confinement at SCC lies in the District of Arizona where the alleged violations occurred and defendants presumably may be located.  *See* 28 U.S.C. § 1391(a)(b)(2().

### III.  **CONCLUSION**

Grandinetti's pleading and this action are DISMISSED without prejudice.  He may refile his claims in a new action in the District of Arizona with concurrent payment of the civil filing fee.  The Clerk of Court is DIRECTED to identify this action on the docket as a prisoner civil rights action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 26, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Grandinetti v. Grandinetti,* 1:14-cv-00393 SOM/KSC; dmp 3 stks 2014; J:\Denise's Draft Orders\SOM\Grandinetti 14-393 som (friv no amd re. child abuse).wpd